**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

D.L.I. INCORPORATED
1823 2nd Avenue North
Lake Worth, Florida 33461

    Plaintiff,

vs.

JEFFERSON MILLWORK AND DESIGN, INC.
44908 Mercure Circle, Suite 115
Sterling, Virginia 20166

SERVE:  Registered Agent
Jorge F. Kfoury
11307 Sunset Hills Road
Reston, Virginia 22090

and

FIDELITY AND DEPOSIT COMPANY OF MARYLAND
3910 Keswick Road
Baltimore, MD 21211

SERVE:  Registered Agent
Robert L. Lawrence
3910 Keswick Road
Baltimore, MD 21211

and

NATIONAL UNION FIRE INSURANCE COMPANY
80 Pine Street
New York, New York 10005

Serve:  Susan Hellerman
80 Pine Street
New York, New York 10005

    Defendant(s).

Case No.

COMPLAINT - 1

THE LAW OFFICE OF SHAWN C. WHITTAKER
9055 Comprint Court – Suite 340
Gaithersburg, MD 20877
Tel: 301.208.9114 / Fax: 301.208.0362
shawn@whittaker-law.com

**COMPLAINT**

Now comes the Plaintiff D.L.I. Incorporated (hereinafter "DLI"), by and through counsel Shawn C. Whittaker, and submits this Complaint against the Defendants Jefferson Millwork and Design, Inc. (hereinafter "Jefferson"), Fidelity and Deposit Insurance Company of Maryland (hereinafter "Fidelity"), and National Union Fire Insurance Co. (hereinafter "National") and in support thereof states the following:

**PARTIES AND JURISDICTION**

1. Plaintiff DLI is a corporation duly organized and existing under the laws of the State of Florida, with its principal office and place of business located at 1823 2nd Avenue North, Lake Worth, Florida 33461. Plaintiff DLI is engaged in the business of installing architectural millwork and casework.

2. Defendant Jefferson is a Virginia corporation which, upon information and belief, is not registered to do business in the District of Columbia. Defendant Jefferson's principal office and place of business is located at 44098 Mercure Circle, Suite 115, Sterling, Virginia 20166. Defendant Jefferson is a supplier of architectural millwork and casework.

3. Defendant Fidelity is Maryland corporation, which, upon information and belief, is not registered to do business as a

surety in the District of Columbia.  Defendant Fidelity's principal office and place of business is located at 3910 Keswick Road, 5th Floor, Baltimore, Maryland 21211.

4.    Defendant National is, upon information and belief, a Pennsylvania corporation, which is not registered to do business as a surety in the District of Columbia.  Defendant National's principal office and place of business is located at 80 Pine Street, New York, New York 10005.

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332.

### FACTS RELEVANT TO ALL COUNTS

6.    Plaintiff DLI incorporates the preceding allegations as if fully set forth herein and further states the following:

7.    Prior to October 12, 2003, The Clark Construction Group, Inc. (hereinafter "Clark") entered into a contract with the International Monetary Fund (hereinafter "IMF") for improvements to the IMF offices located at 700 19th Street, NW, Washington, DC, hereinafter referred to as the "Job Site" or "Project" or "Contract."

8.    Clark together with Defendant Surety National had duly executed and delivered to the IMF a payment bond, bond number 000-27-72-32, for the protection of all persons supplying labor and

COMPLAINT - 3

THE LAW OFFICE OF SHAWN C. WHITTAKER
9055 Comprint Court – Suite 340
Gaithersburg, MD 20877
Tel: 301.208.9114 / Fax: 301.208.0362
shawn@whittaker-law.com

material in the prosecution of the work provided for in said contract.  The IMF and Clark have refused to provide Plaintiff DLI a copy of the bond.

    9.   On April 10, 2003, Clark subcontracted a portion of the work to Defendant Jefferson in which Defendant Jefferson agreed to provide a certain portion of the material and labor provided for in the principal contract.  Specifically, Defendant Jefferson was to provide architectural millwork and casework to the Project.

    10.   Defendant Jefferson together with Defendant Surety Fidelity had duly executed and delivered to Clark a payment bond, bond number 8694412, for the protection of all persons supplying labor and material in the prosecution of the work provided for in said subcontract.  *See bond attached as Exhibit A and incorporated herein by reference.*

    11.   On or about May 10, 2004, Plaintiff DLI submitted a quote in the amount of $571,800.00 to provide the labor for the installation of architectural millwork and casework to the Project.  *See quote attached as Exhibit B and incorporated herein by reference.*

    12.   Thereafter, Defendant Jefferson verbally requested Plaintiff DLI to begin work on the Project.

COMPLAINT - 4                THE LAW OFFICE OF SHAWN C. WHITTAKER
9055 Comprint Court – Suite 340
Gaithersburg, MD 20877
Tel: 301.208.9114 / Fax: 301.208.0362
shawn@whittaker-law.com

13. On or about October 20, 2004, Plaintiff DLI began work on the Project

14. On or about March 22, 2005, Defendant Jefferson issued a purchase order to Plaintiff DLI in the amount of $527,340.00. *See purchase order attached as Exhibit C and incorporated herein by reference.*

15. During the course of the Project, there were approved additions and deductions totaling $406,312.50. The total amount of the subcontract with approved changes and credits was $933,652.50. *See DLI Invoice Register attached as Exhibit D and incorporated herein by reference. See also "IMF/DLI Work Order Break-out" prepared by Jefferson attached as Exhibit E and incorporated herein by reference.*

16. Additionally, Plaintiff DLI incurred additional costs caused by Defendant Jefferson or Clark, and due to no fault of the Plaintiff DLI, in the amount of $197,773.00. *See invoice register attached as Exhibit F and incorporated herein by reference.*

17. Defendant Jefferson did cause to be paid to Plaintiff DLI payments totaling $632,443.88. Therefore, a balance remains due and owing on the Project in the amount of $498,981.62.

18. The date on which Plaintiff DLI last supplied such labor to the project was December 14, 2005.

## COUNT I
## BREACH OF CONTRACT AGAINST DEFENDANT JEFFERSON

19. Plaintiff DLI incorporates the preceding allegations contained in the preceding paragraph as if fully set forth herein and further states the following:

20. Plaintiff DLI performed pursuant to the agreement and/or subcontract between Defendant Jefferson and Plaintiff DLI.

21. Despite full performance and demand by Plaintiff DLI, Defendant Jefferson has failed to remit payment of the balance due of $498,981.62.

22. By failing to remit the balance due of $498,981.62, Defendant Jefferson has breached its agreement and/or subcontract with Plaintiff DLI.

23. Plaintiff DLI has suffered damages in the amount of $498,981.62 due to Defendant Jefferson's breach of the agreement and/or subcontract.

WHEREFORE, the Plaintiff D.L.I. Incorporated prays for judgment against Defendant Jefferson Millwork & Design, Inc. for:

(a) A principal amount of $498,981.62; and

(b) Interest from December 14, 2005; and

(c) Costs of this action; and

(d) For such other and further relief as the Court may deem just and proper.

**COUNT II**
**QUASI-CONTRACT/UNJUST ENRICHMENT (AS TO JEFFERSON)**

24. Plaintiff DLI incorporates the preceding allegations contained in paragraphs 1-18 as if fully set forth herein and further states the following:

25. Plaintiff DLI supplied valuable labor and equipment to Defendant Jefferson for Defendant Jefferson to complete its work under its subcontract with Clark.

26. Even if no express contract is found as to some or all of the aforesaid labor and equipment furnished by Plaintiff DLI to Defendant Jefferson, said work was furnished at the request of Defendant Jefferson and conferred a benefit on Defendant Jefferson.

27. Defendant Jefferson's requests implied a promise to compensate Plaintiff DLI for the labor and equipment furnished by Plaintiff DLI.

28. Defendant Jefferson has, and had at all times pertinent hereto, an appreciation and/or knowledge of the benefit conferred by Plaintiff DLI and accepted or retained the benefit of Plaintiff DLI's work without paying the reasonable value of said work.

29. Defendant Jefferson knew that Plaintiff DLI expected to be compensated for its labor and materials.

30. The reasonable value of the labor and equipment furnished by Plaintiff DLI to Defendant Jefferson for which it has not been paid is $498,981.62.

31. Despite demand by Plaintiff DLI, Defendant Jefferson has failed and refused to pay the balance due of $498,981.62 to compensate Plaintiff DLI for the value of the labor and equipment furnished as aforesaid; Plaintiff DLI is damaged in said amount.

32. Plaintiff DLI has submitted a claim to Defendant Jefferson for reimbursement of its damages so that Defendant Jefferson can submit the claim to Clark.

33. Upon information and belief, Clark has submitted a claim to the Owner, IMF, on behalf of Defendant Jefferson.

34. If Defendant Jefferson recovers or has recovered from Clark any amount for the Plaintiff DLI's claim, then it would be unjust for Defendant Jefferson to retain funds so recovered.

WHEREFORE, the Plaintiff D.L.I. Incorporated prays for judgment against Defendant Jefferson Millwork & Design, Inc. for:

(a)  A principal amount of $498,981.62; and

(b)  Interest from December 14, 2005; and

(c)  Costs of this action; and

(d)  For such other and further relief as the Court may deem just and proper.

**COUNT III**
**ACTION ON SUBCONTRACTOR'S PAYMENT BOND**
**AGAINST DEFENDANT FIDELITY**

35. Plaintiff DLI incorporates the preceding allegations as if fully set forth herein and further states the following:

36. On or about February 15, 2006, Plaintiff DLI did give notice of the claim on the payment bond to the Defendant Fidelity, Defendant Jefferson and to Clark. *See Notice attached as Exhibit E and incorporated herein by reference. See copies of certified mail receipts attached as Exhibit H and incorporated herein by reference.*

37. On February 16, 2006, Defendant Fidelity did receive a copy of the Notice. *See return receipt attached as Exhibit I and incorporated herein by reference.*

38. On March 10, 2006, Plaintiff DLI gave an amended notice of the claim on the payment bond to the Defendant Fidelity. *See Amended Notice attached as Exhibit J and incorporated herein by reference. See copies of certified mail receipts attached as Exhibit K and incorporated herein by reference.*

39. On March 11, 2006, Defendant Fidelity did receive a copy of the Amended Notice. *See return receipt attached as Exhibit L and incorporated herein by reference.*

40. Defendant Fidelity failed to remit payment to the Plaintiff DLI in the amount of $498,981.62.

41. Plaintiff DLI is a third-party beneficiary to the bond.

42. Plaintiff DLI is bringing this action against the Defendant Fidelity within one year of its last performance to collect monies owing from Defendant Fidelity to Plaintiff DLI for materials and labor delivered to the Project.

43. All conditions precedent to Plaintiff DLI's claim under the payment bond have been met.

WHEREFORE, the Plaintiff D.L.I. Incorporated prays for judgment against Defendant Fidelity jointly and severally for:

(a) A principal amount of $498,981.62; and

(b) Interest from December 14, 2005; and

(c) Costs of this action; and

(d) For such other and further relief as the Court may deem just and proper.

## COUNT IV
## ACTION ON GENERAL CONTRACTOR'S PAYMENT BOND
## AGAINST DEFENDANT NATIONAL

44. Plaintiff DLI incorporates the preceding allegations as if fully set forth herein and further states the following:

45. On or about February 15, 2006, Plaintiff DLI did give notice to Defendant National by providing notice to Clark of Plaintiff DLI's intent to bring a claim against Clark's bond. *See Exhibit G.  See Exhibit H*

46. On February 17, 2006, Clark did receive a copy of the Notice. *See return receipt attached as Exhibit L and incorporated herein by reference.*

47. On March 10, 2006, Plaintiff DLI gave an amended notice of the claim on the payment bond to Clark. *See copy of certified mail receipt attached as Exhibit M and incorporated herein by reference.  See Exhibit J  See Exhibit K*

48. On March 20, 2006, Clark did receive a copy of the Amended Notice. *See return receipt attached as Exhibit N and incorporated herein by reference.*

49. Defendant National failed to remit payment to the Plaintiff DLI in the amount of $498,471.62.

50. Plaintiff DLI is a third-party beneficiary to the bond.

51. Plaintiff DLI is bringing this action against the Defendant National within one year of its last performance to collect monies owing from Defendant National to Plaintiff DLI for materials and labor delivered to the Project.

52. All conditions precedent to Plaintiff DLI's claim under the payment bond have been met.

WHEREFORE, the Plaintiff D.L.I. Incorporated prays for judgment against Defendant National Union Fire Insurance Company jointly and severally for:

(a) A principal amount of $498,981.62; and

(b) Interest from December 14, 2005; and

(c) Costs of this action; and

(d) For such other and further relief as the Court may deem just and proper.

DATED: May 8, 2006

Respectfully submitted,

_____
Shawn C. Whittaker
DC Bar #468533
9055 Comprint Court, Ste. 340
Gaithersburg, MD 20877
(301)208-9114

Attorney for D.L.I. Incorporated