UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| D.L.I. INCORPORATED | : | |
| Plaintiff | : | |
| v. | : | Case No.: 1:06CV00874<br>Judge: Richard J. Leon |
| JEFFERSON MILLWORK<br>AND DESIGN, INC., et al. | : | |
| | : | |
| Defendants | | |

## ANSWER TO COMPLAINT OF DEFENDANT FIDELITY AND DEPOSIT COMPANY OF MARYLAND

The defendant, Fidelity and Deposit Company of Maryland, answers the Complaint in the above-captioned matter as follows:

### FIRST DEFENSE

Responding to the individually enumerated allegations of the Complaint, the defendant states:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5.   The allegations of Paragraph 5 of the Complaint set forth jurisdictional allegations to which no response is required. In the alternative, defendant denies these allegations.

6.   Defendant incorporates its answers to the preceding allegations as if fully set forth herein.

7-18.   The defendant adopts and incorporates by reference the responses to the allegations of Paragraphs 7 through 18 of the Complaint as set forth in the Answer of its principal, Jefferson Millwork and Design, Inc..

## COUNT I

19.   Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 18 of the Complaint.

20-23.   The allegations of Count I of the Complaint pertain to a defendant other than this party. Defendant denies that its principal is liable to plaintiff as alleged in Count I, and therefore denies any liability under the terms of its bond.

## COUNT II

24.   Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 23 of the Complaint.

25-34.   The allegations of Count II of the Complaint pertain to a defendant other than this party. Defendant denies that its principal is liable to the plaintiff as alleged, and therefore denies any liability to the plaintiff under the terms of its bond.

## COUNT III

35. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 34 of the Complaint.

36. Defendant admits the allegations of Paragraph 36 of the Complaint.

37. Defendant admits the allegations of Paragraph 37 of the Complaint.

38. Defendant admits the allegations of Paragraph 38 of the Complaint.

39. Defendant admits the allegations of Paragraph 39 of the Complaint.

40. Defendant denies that plaintiff is entitled to payment of the sum alleged.

41. The allegations of Paragraph 41 set forth an allegation as to a conclusion of law, and no response thereto is required. In the alternative, defendant denies these allegations.

42. Defendant admits that plaintiff has brought this action within one year of the last performance of work on the Project, but denies that it is liable to the plaintiff as alleged.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

## COUNT IV

44. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 43 of the Complaint.

45-52. The allegations of Count IV of the Complaint pertain to a party other than this defendant. However, defendant denies that National is liable to the plaintiff as alleged.

## SECOND DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## THIRD DEFENSE

The Complaint is barred in whole or in part by a set off or credit owed to Jefferson for plaintiff's participation in the Owner Controlled Insurance Program ("OCIP") in effect for the Project .

## FOURTH DEFENSE

The Complaint is barred in whole or in part by plaintiff's own breaches of the subcontract.

\* \* \*

WHEREFORE, based upon the foregoing, the defendant Fidelity and Deposit Co. of Maryland respectfully requests that this Honorable Court:

1. Dismiss the Complaint with prejudice;

2. Award the defendant its costs, including attorneys' fees; and

3. Award such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

GAVETT AND DATT, P.C.

BY   /s/
Geoffrey S. Gavett, D.C. Bar No. 375884
15850 Crabbs Branch Way
Suite 180
Rockville, Maryland 20855-2622
(301) 948-1177
**Counsel for Defendant Fidelity and Deposit Co. of Maryland**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document were electronically filed and electronically served on this 5th day of June, 2006 to:

Shawn C. Whittaker, Esquire                                                **Counsel for Plaintiff**
9011 Comprint Court, Suite 340
Gaithersburg, Maryland 20877
(301) 208-9114

/s/
Geoffrey S. Gavett

F:\Data\GD\Corporate\423.000\423.001\Pleadings\answer to complaint fidelity.wpd