UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.L.I. INCORPORATED | : |
| Plaintiff | : |
| v. | : Case No.: 1:06CV00874 |
| | Judge: Richard J. Leon |
| JEFFERSON MILLWORK AND DESIGN, INC., et al. | : |
| | : |
| Defendants | |

**ANSWER TO COMPLAINT OF DEFENDANT**
**JEFFERSON MILLWORK AND DESIGN, INC.**

The defendant, Jefferson Millwork and Design, Inc., answers the Complaint in the above-captioned matter as follows:

**FIRST DEFENSE**

Responding to the individually enumerated allegations of the Complaint, the defendant states:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5. The allegations of Paragraph 5 of the Complaint set forth jurisdictional allegations to which no response is required. In the alternative, defendant denies these allegations.

6. Defendant incorporates its answers to the preceding allegations as if fully set forth herein.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant admits that plaintiff issued the quote as alleged in paragraph 11. However, this quote was subject to adjustment depending upon subsequent agreement of the parties.

12. Defendant admits the allegations of Paragraph 12 of the Complaint.

13. Defendant admits the allegations of Paragraph 13 of the Complaint.

14. Defendant admits issuing the purchase order as alleged. However, the purchase order was subject to adjustment depending upon subsequent agreement of the parties.

15. Defendant admits the authenticity of the documents appended as Exhibits D and E, but denies that these documents are fairly interpreted to indicate that there were approved additions and deductions totaling $406,312.50. These documents merely reflect DLI's position that such sums were owed.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant admits to making the payments alleged in Paragraph 17, but denies owing the balance of $498,981.62 as alleged.

18. Defendant admits the allegations of Paragraph 18 of the Complaint

## COUNT I

19.     Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 18 of the Complaint.

20.     Defendant denies that plaintiff DLI complied with the provisions of the subcontract as alleged.

21.     Defendant denies that plaintiff has fully performed the subcontract and further denies that plaintiff is entitled to payment of the sum alleged.

22.     Defendant denies that it has breached its obligations under the subcontract with the plaintiff.

23.     Defendant denies the allegations of Paragraph 24 of the Complaint.

## COUNT II

24.     Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 23 of the Complaint.

25.     Defendant denies that plaintiff DLI supplied valuable labor, materials and equipment for which it is entitled to compensation under Count II.

26.     Defendant denies that plaintiff DLI supplied valuable labor, materials and equipment for which it is entitled to compensation under Count II.

27.     Defendant denies the allegations of Paragraph 27 of the Complaint.

28.     Defendant denies that it has, or had at all times pertinent hereto, an appreciation and/or knowledge of any benefit conferred by plaintiff DLI for which it was entitled to compensation.

29.     Defendant denies the allegations of Paragraph 29 of the Complaint.

30.     Defendant denies the allegations of Paragraph 30 of the Complaint.

31.     Defendant denies that plaintiff DLI is entitled to compensation as alleged in Paragraph 31 of the Complaint.

32.     Defendant admits that plaintiff DLI has submitted a claim, but denies that the claim is proper or may be submitted to Clark under the terms of defendant's subcontract with Clark.

33.     Defendant denies that Clark has submitted a claim to the Owner on behalf of Jefferson for the disputed amounts claimed by DLI.

35.     Defendant denies that it has recovered the sums from Clark as alleged, and further denies that it would be obligated to pay plaintiff if it were to receive such funds.

## COUNT III

35.     Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 34 of the Complaint.

36-43.     The allegations of Paragraphs 36 through 43 of the Complaint pertain to a claim against a defendant other than Jefferson.  However, to the extent that such claim implies that defendant is liable to plaintiff for the sums alleged, defendant denies the allegations of this Count.

## COUNT IV

44.     Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 43 of the Complaint.

45-52. The allegations of Paragraphs 45 through 52 of the Complaint pertain to a claim against a defendant other than Jefferson. However, to the extent that such claim implies that defendant is liable to plaintiff for the sums alleged, defendant denies the allegations of this Count.

### SECOND DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### THIRD DEFENSE

The Complaint is barred in whole or in part by a set off or credit owed to Jefferson for plaintiff's participation in the Owner Controlled Insurance Program ("OCIP") in effect for the Project .

### FOURTH DEFENSE

The Complaint is barred in whole or in part by plaintiff's own breaches of the subcontract.

\* \* \*

WHEREFORE, based upon the foregoing, the defendant Jefferson Millwork and Design, Inc. respectfully requests that this Honorable Court:

1. Dismiss the Complaint with prejudice;

2. Award the defendant its costs, including attorneys' fees; and

3. Award such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

GAVETT AND DATT, P.C.

BY _____/s/_____
Geoffrey S. Gavett, D.C. Bar No. 375884
15850 Crabbs Branch Way
Suite 180
Rockville, Maryland 20855-2622
(301) 948-1177
**Counsel for Defendant Jefferson Millwork and Design, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document were electronically filed and electronically served on this 5th day of June, 2006 to:

Shawn C. Whittaker, Esquire                              **Counsel for Plaintiff**
9011 Comprint Court, Suite 340
Gaithersburg, Maryland 20877
(301) 208-9114


_____/s/_____
Geoffrey S. Gavett

F:\Data\GD\Corporate\423.000\423.001\Pleadings\answer to complaint jefferson.wpd