UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **D.L.I. INCORPORATED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:06CV00874 (RJL) |
| ) | |
| **JEFFERSON MILLWORK AND DESIGN,** ) | |
| **INC.,** *et al*. ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**DEFENDANT, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA'S
<u>INITIAL REPORT TO THE COURT</u>**

National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), by and through its undersigned counsel, hereby submits its Initial Report to the Court and states:

<u>I.  Introduction</u>

Plaintiff, D.L.I., Incorporated, and Defendants, Jefferson Millwork and Design, Inc. ("Jefferson") and Fidelity and Deposit Insurance Company of Maryland ("F&D"), previously filed their Joint Initial Report to the Court. At the time of filing, National Union had filed its Answer to the Complaint only five (5) days prior. Accordingly, this Initial Report supplements the Initial Report previously filed by the Plaintiff and other Defendants.

II.     <u>Summary of Case</u>.

National Union provided a Labor and Material Payment Bond on behalf of Clark Construction, Inc. ("Clark"), the general contractor for the International Monetary Fund project (the "IMF project"). Clark entered into a subcontract with Jefferson to perform certain work on

the project. F&D provided a Labor & Material Payment Bond on behalf of Jefferson. Upon information and belief, Jefferson in turn entered into a contract with D.L.I., Incorporated ("DLI"). DLI.'s suit is to recover monies allegedly owed from Jefferson.

   III. <u>Matters to be discussed by the parties relating to ADR</u>

The parties have agreed to submit this matter to non-binding mediation, to be conducted consecutively with a mediation occurring in the separate case captioned D.L.I., Inc. v. Allegheny Jefferson Millwork, Inc., et al., Case No. 1:06CV00875, now pending in the United States District Court for the District of Columbia.[1] A mediator has been appointed, and the mediation(s) are presently scheduled to occur within three (3) weeks of July 11, 2006.

   IV. <u>Further matters to be discussed by the parties</u>

For scheduling purposes, National Union consents to the dates set forth by Plaintiff and the other Defendants in their Initial Report.

               Respectfully submitted,

               /s/
               Christopher J. Heffernan
               DC Bar No. 34930
               Eric G. Korphage
               DC Bar No. 483144
               Bambi W. Stevens
               DC Bar No. 454599
               Niles, Barton & Wilmer LLP
               111 South Calvert Street, Suite 1400
               Baltimore, MD  21202-6185
               (410) 783-6300
               *Counsel for National Union Fire Ins. Co. of Pittsburgh, PA*

---

[1] Pursuant to the agreement between Plaintiff and Jefferson and F&D, Judge Royce Lambreth entered an Order requiring that mediation in the two cases was to occur consecutively. Because National Union is not a party to the case before Judge Lambreth, it was only through a telephone call from the Civil Clerk that counsel for National Union learned that such an Order had been entered.