**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
UNITED STATES OF AMERICA,
for the use and benefit of
D.L.I. INCORPORATED

          Plaintiff,

vs.
                                          Case No.06cv-874 (RJL)
JEFFERSON MILLWORK AND DESIGN, INC.,
      et al.

          Defendant(s).
```

**SECOND MOTION TO COMPEL DISCOVERY**

COMES NOW the Plaintiff D.L.I., Inc., by and through counsel Shawn C. Whittaker, and submits this Second Motion to Compel Discovery as to the Defendant Jefferson Millwork and Design, Inc. (hereinafter "Jefferson"), pursuant to Fed. R. Civ. P. 37, and in support thereof states the following:

**I.  INTRODUCTION.**

On September 7, 2006, Plaintiff D.L.I., Inc. (hereinafter "DLI") served discovery requests consisting of Interrogatories and Requests for Production of Documents and Things on Jefferson. *See Notice of Discovery attached as Exhibit A*. Pursuant to Fed. R. Civ. P. 33, Jefferson had 30 days to respond to the discovery requests, plus 3 days for mailing, causing responses to be due on or about October 10, 2006. On December 1, 2006, Plaintiff filed a

SECOND MOTION TO COMPEL DISCOVERY - 1   THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
902 Wind River Lane – Suite 203
Gaithersburg, MD 20878
Tel: 240.477.1677 / Fax: 240.477.1679
shawn@whittaker-law.com

Motion to Compel Discovery, which is still pending before this Court. On December 18, 2006, Plaintiff received Jefferson's discovery responses.

Despite having approximately three (3) months to respond to discovery, Jefferson's responses are deficient and inadequate. On December 19, 2006, Plaintiff's counsel sent Jefferson's counsel a letter notifying Jefferson that the discovery responses were not adequate, in an attempt to resolve a discovery dispute. *See letter attached as Exhibit B.* Jefferson did not respond to the letter; nor did Jefferson supplement its discovery responses.

**II. ANALYSIS.**

**A.    BY FAILING TO TIMELY RESPOND TO DISCOVERY REQUESTS, ABSENT GOOD CAUSE, JEFFERSON WAIVED ANY OBJECTIONS TO THE DISCOVERY REQUESTS.**

Jefferson objected to interrogatories 10, 11, 16, and 21. *See interrogatory requests attached as Exhibit C. See answers attached as Exhibit C.* However, Jefferson's objections were not timely as Jefferson responded approximately two months after the responses were due. Fed. R. Civ. P. 33(b)(4) is clear that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Consequently, unless Jefferson can provide this Court with good

cause for not timely objecting to the interrogatories, then Jefferson must respond to interrogatories 10, 11, 16, and 21.

**B.    JEFFERSON FAILED TO PROPERLY RESPOND TO INTERROGATOIRES 5, 7, 8, 9, 12, 17, AND 18.**

Jefferson failed to properly answer interrogatories 5, 7, 8, 9, 12, 17, and 18.

**Interrogatory No.5:** List all payments that you or someone on your behalf made to DLI for performance, labor or materials supplied on the IMF Project and include in your answer the date of the payment, the amount of the payment, the work covered by the payment, and the invoice or payment application covered by the payment.

**Response No. 5:** All payment made to DLI on behalf of Jefferson have been documented in exhaustive detail in the binder of information submitted to Jefferson's surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

**Interrogatory No. 7:** If you or any of your representatives are aware of any conversations or statements made or given by any party or agent of any party to this lawsuit or any witness which relates, directly or indirectly, to any claim and/ or defense involved herein, state the name, address of each and every person involved, directly or indirectly, in the conversation or statement; the date each conversation or statement took place; the name, business and home address, and business and home telephone number of the individual or entity engaging in or making such conversation or statement and the substance of each conversation or statement; if any portion of each conversation of statement identified is in writing or recorded on audio tape or by any other means, describe in writing/ recording in detail, and identify the present custodian of the original writing/ recording.

**Response No. 7:** Any and all conversations or communications as requested in this Interrogatory are reference in the binder of information prepared by Jefferson for its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

**Interrogatory No. 8:** Describe in detail any work which DLI was contracted to perform but that was not done or completed by DLI.

**Response No. 8:** All backcharges or deductive changes issued to DLI on the IMF Project, if any, are fully documented and identified in the binder of information produced by Jefferson to its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

**Interrogatory No. 9:** Provide a detailed list of all backcharges or deductive changes issued to DLI on the IMF Project, and include in your answer the date of the backcharge or deductive change, the amount of the backcharge or deductive change, the reason for the backcharge or deductive change, how the backcharge or deductive change was documented, the date the backcharge or deductive change was communicated to DLI, how the backcharge or deductive change was communicated to DLI, and whether DLI accepted the backcharge or deductive change.

**Response No. 9:** All backcharges or deductive changes issued to DLI on the IMF Project, if any, are fully documented and identified in the binder of information produced by Jefferson to its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

**Interrogatory No. 12:** List all costs and other damages that Jefferson has incurred due to the fault of DLI, and the reasons for such costs and damages.

**Response No. 12:** Any and all costs or other damages Jefferson has incurred are fully itemized in the binder of information prepared by Jefferson for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously produced to DLI.

**Interrogatory No. 17:** List in detail all change orders or additional work instructions issued by Jefferson or any other party to DLI on the IMF Project, and include the value of the change order or additional work, the nature of the change order of additional work, whether DLI was paid for the change order or additional work, whether the change order work or other additional work was performed by DLI or accepted by DLI, and whether the change order or additional work instruction was oral or written.

**Response No. 17:** All approved and disputed change orders have been fully itemized and documented in the binder of information assembled by Jefferson for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

**Interrogatory No. 18:** Have all amounts claimed by DLI on the IMF Project been submitted to the general contractor by Jefferson, and if your response is "no," state the reason why the amounts have not been submitted to the general contractor.

**Response No. 18:** All approved change orders submitted to the general contractor and owner on the IMF Project have been fully itemized and documented in the binder of information assembled by Jefferson for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

**Interrogatory No. 21:** Describe in detail any punch lists that were issued on the Courthouse Project to DLI, and include in your answer the date of the punch list, how the punch list was provided to DLI, any items on the punch list which were not completed on the punch list by DLI, who the items were completed by, the date the items were completed, and the cost of completing each items.

**Response No. 21:** Jefferson objects to this Interrogatory on the ground that it makes reference to a Project which is not ht subject of this litigation.

Each of the foregoing responses direct Plaintiff to a binder previously produced by Jefferson to its surety prior to the filing of Plaintiff's Complaint. Fed. R. Civ. P. 33(d) allows an answering party to direct the other party to derive the information from the examination or inspection of the business records of the party upon whom the interrogatory has been served when the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. However, the response must provide a sufficient answer to such interrogatory to specify the records from which the answer may be

derived or ascertained. **"**The specification requirement is meant to deter the practice whereby a responding party 'avoids answering hard questions' by generic answers or by 'dumping large volumes of unindexed documents' on the party serving the interrogatories." <u>Zuckerman v. Vane</u>, 812 A.2d 942, 946 quoting <u>Saleh v. Moore</u>, 95 F. Supp. 555, 561 (E.D. Va. 2000).

"A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained**."** Fed. R. Civ. P. 33(d)**.** A party which desires to avail itself of this option must specify where in the records the information can be found. <u>Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.</u>, 711 F.2d 902, 906 (9th Cir. 1983). Fed. R. Civ. P. 33(d) "is not a procedural device for avoiding the duty to give information." <u>Walt Disney Co. v. DeFabiis</u>, 168 F.R.D. 281 284 (C>D. Cal. 1996). A party "may not simply refer generically to past or future production of documents. The party must identify in its answers to the interrogatories specifically which documents contain the answer. Otherwise, it must completely answer the interrogatories without referring to the documents." <u>Pulsecard, Inc. v. Discover Card</u>, 168 F.R.D. 295, 305 (D. Kan. 1996).

Jefferson's responses fail to provide the information requested in the interrogatories. The interrogatories inquire as to specific information. In clear contradiction to Fed. R. Civ. P.

SECOND MOTION TO COMPEL DISCOVERY - 6    THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
902 Wind River Lane – Suite 203
Gaithersburg, MD 20878
Tel: 240.477.1677 / Fax: 240.477.1679
shawn@whittaker-law.com

33(d), Jefferson's responses direct the examination of a voluminous binder which was prepared for another party in response to Plaintiff's bond notice prior to litigation. The responses do not specify which documents in the binder contain the requested information. Simply put, Jefferson has avoided answering questions by generically referencing a binder which Jefferson did not prepare in response to the interrogatories.

By way of example, Interrogatory 7 inquires as to conversations or communications relating to claims and defenses. Again, Jefferson generically refers Plaintiff to the previously produced binder. After examination, none of the pages in the binder makes any reference to communications or conversations, the information sought by the interrogatory.

Plaintiff's counsel requested Jefferson to provide page numbers which Jefferson believes contains the requested information. However, Jefferson ignored this request. Evidently, Jefferson has used Fed. R. Civ. P. 33(d) to avoid responding to legitimate discovery requests. As further evidence of Plaintiff's contention, Plaintiff invited Jefferson to specify the page numbers where Plaintiff could find the requested information, but Jefferson ignored Plaintiff's invitation. Based on the foregoing analysis, Plaintiff requests this Court to order Jefferson to either specify exactly where the requested information can be found or to properly respond to each interrogatory request.

**C.  JEFFERSON FAILED TO PROPERLY RESPOND TO INTERROGATORY NUMBER 2.**

**Interrogatory No. 2**:  List the name, home address, business address, business phone number, and home phone number of every person that you are aware of that has knowledge of the allegations contained in Plaintiff's Complaint, and state the substance of their knowledge.

Jefferson responds by listing the names of 37 individuals or entities.  Only three (3) names provide an address.  Jefferson provided no phone numbers.  Jefferson also failed to provide the substance of the knowledge of any of the listed individuals.  As Jefferson failed to provide the information requested, Jefferson's response is deficient.

**D.  JEFFERSON HAS FAILED TO MAKE ITS DOCUMENTS AVAILABLE TO THE PLAINTIFF.**

Jefferson did not produce any documentation with its document responses.  The responses state that Jefferson is prepared to make its entire files available to Plaintiff.  On December 19, 2006, Plaintiff's counsel requested Jefferson to provide Plaintiff with a time when and place where Jefferson would make the documents available.  *See Exhibit A.*  Jefferson did not respond to the letter.  Despite its representation, Jefferson has failed to provide Plaintiff with a date and place where Plaintiff can review Jefferson's documents.

**III. CONCLUSION**

SECOND MOTION TO COMPEL DISCOVERY - 8      THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
902 Wind River Lane – Suite 203
Gaithersburg, MD 20878
Tel: 240.477.1677 / Fax: 240.477.1679
shawn@whittaker-law.com

Based upon the foregoing analysis, Plaintiff respectfully requests that this Court to order Jefferson to properly respond to the discovery requests and to provide the information sought by the discovery requests. Plaintiff allowed Jefferson additional time to respond to the discovery requests, in anticipation of complete discovery responses. Despite having additional time, Jefferson basically avoided provided Plaintiff any substantive information in its discovery responses. Plaintiff continues to be severely prejudiced by Jefferson's abuse of the rules of this Court. As this is the second motion Plaintiff has filed and as Jefferson has failed to even to attempt to resolve the discovery dispute, Plaintiff requests its attorneys fees for having to file this Motion.

### **U.S.C.S. Fed. R. Civil Rule 37 Certification**

I hereby certify that I have in good faith unsuccessfully attempted to resolve the discovery dispute which is the subject of this motion, prior to the filing of this motion.

Respectfully submitted,

_____
Shawn C. Whittaker
Bar No. #468533
902 Wind River Lane, Suite 203
Gaithersburg, MD 20878
shawn@whittaker-law.com