UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

D.L.I. INCORPORATED         :

      Plaintiff        :

v.                          :   Case No.: 1:06CV00874
                                    Judge: Richard J. Leon

JEFFERSON MILLWORK          :
AND DESIGN, INC., et al.
                              :
      Defendants

### ANSWERS TO FIRST SET OF INTERROGATORIES

TO:    D.L.I., Inc., Plaintiff
        c/o Shawn C. Whittaker, Esquire
        The Law Offices of Shawn C. Whittaker, P.C.
        902 Wind River Lane, Suite 203
        Gaithersburg, Maryland 20878

FROM:  Jefferson Millwork and Design, Inc., Defendant
        c/o Geoffrey S. Gavett, Esquire
        Gavett and Datt, P.C.
        15850 Crabbs Branch Way, Suite 180
        Rockville, Maryland 20855

Defendant, Jefferson Millwork and Design, Inc., answers plaintiff's First Set of Interrogatories, as follows:

    1.    State fully the name, business address, home address, telephone number, and the position of the person answering these Interrogatories.

    **ANSWER**:  Michael Corrigan, General Manager, 44098 Mercure Circle, Suite 115, Sterling, Virginia 20166.



PLAINTIFF'S EXHIBIT C

2.  List the name, home address, business address, business phone number, and home phone number of every person that you are aware of that has knowledge of the allegations contained in Plaintiff's Complaint, and state the substance of their knowledge.

**ANSWER**:  Michael Corrigan
Jim Short
Jefferson Millwork & Design, Inc.
44098 Mercure Circle
Suite 115
Sterling, VA 20166

Sanford Bishop
287 Barker Lane
Bluemont, VA 20135

Dale Lacy
Bob McGinley
Danny Williams
Carl Hiel
Virgilio Patalano
Jorge Gomez
Roberto Pena
Jario Costa
David Guzman
Phil Shaffer
Lucas Shaffer
Joao Morais
Macelo Mejia
Gamaliel Guzman
Walter Filho
David Rodriguez
Ismail Cabhera
Luis Prado
Aldolfo Lopez
Jaime Gomez
Ruben Bonilla
Miguel Cortez
Fernando Corona
Erik Ortiz
Javier Martinez
Vanei Vireira

    Edwardo Feravira
    Nestor Gomez
    Alexis Martinez
    Lindembergue Coutinho
    Sergio Santos
    Roger Rodriguez
    Tulio Diaz
    Emerson Gomes
    DLI, Inc.
    1823 Second Avenue North
    Lake Worth, FL 33461

  3. Identify any expert witness you intend to call at trial, a complete statement of all opinions to be expressed and the basis and reasons therefore; the date or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

  **ANSWER**: **No decision has yet been made regarding the identification of expert witnesses in this matter. Jefferson reserves the right to identify such experts on or prior to the deadline established by the Court's Pretrial Order in this matter.**

  4. Identify any and all complaints, whether oral or written, and/or alleged deficiencies, whether oral or written, and/or compliments concerning DLI's work or the quality of DLI's work on the IMF Project made by you or anyone else or to you, including but not limited to, the date of the communication, the time of the communication, the manner of the communication, the person making the communication, the person to whom the communication was directed, and the substance of the communication.

  **ANSWER**: **Jefferson objects to this Interrogatory on the ground that it seeks discovery of information irrelevant to the matters at issue between the parties. Without waiving objection, Jefferson states that the controversy between the parties**

in this matter relates to DLI's lack of documentation for its extra work order claims. Jefferson is not asserting any backcharge or any form of offset relating to quality of DLI's work.

5. List all payments that you or someone on your behalf made to D.L.I. for performance, labor or materials supplied on the IMF Project and include in your answer the date of the payment, the amount of the payment, the work covered by the payment, and the invoice or payment application covered by the payment.

**ANSWER**: **All payments made to DLI on behalf of Jefferson have been documented in exhaustive detail in the binder of information submitted to Jefferson's surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.**

6. If you intend to rely on any documents or other tangible things to support a position that you have taken or intend to take in the action, provide a brief description, by category and location, of all such documents or tangible things, and identify all persons having possession, custody, or control of them.

**ANSWER**: **Jefferson reserves the right to rely on each and every document included within its binder of documentation submitted to its surety, Fidelity & Deposit Company of Maryland, a complete copy of which has previously been produced to DLI. Jefferson further reserves the right to rely on all documents in the Jefferson's project file and DLI's project file. Jefferson is in possession of its own project file. DLI is presumed to be in possession of its project file.**

7. If you or any of your representatives are aware of any conversations or statements made or given by any party or agent of any party to this lawsuit or any witness which relates, directly or indirectly, to any claim and/or defense involved herein, state the name and address of each and every person involved, directly or indirectly, in the conversation or statement; the date each conversation or statement took place; the name,

business and home address, and business and home telephone number of the individual or entity engaging in or making such conversation or statement and the substance of each conversation or statement; if any portion of each conversation or statement identified is in writing or recorded on audio tape or by any other means, describe in writing/recording in detail, and identify the present custodian of the original writing/recording.

**ANSWER**: Any and all conversations or communications as requested in this Interrogatory are referenced in the binder of information prepared by Jefferson for its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

8. Describe in detail any work which DLI was contracted to perform but that was not done or completed by D.L.I.

**ANSWER**: All backcharges or deductive changes issued to DLI on the IMF Project, if any, are fully documented and identified in the binder of information produced by Jefferson to its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

9. Provide a detailed list of all backcharges or deductive changes issued to D.L.I. on the IMF Project, and include in your answer the date of the backcharge or deductive change, the amount of the backcharge or deductive change, the reason for the backcharge or deductive change, how the backcharge or deductive change was documented, the date the backcharge or deductive change was communicated to D.L.I., how the backcharge or deductive change was communicated to D.L.I., and whether D.L.I. accepted the backcharge or deductive change.

**ANSWER**: All backcharges or deductive changes issued to DLI on the IMF Project, if any, are fully documented and identified in the binder of information produced by Jefferson to its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

10. List the dates on which D.L.I. was scheduled to begin and end work on the Courthouse Project, and identify the source for such dates.

ANSWER: **Jefferson objects to this Interrogatory on the ground that it was not the subcontractor of record on the "Courthouse Project."**

11. Identify all schedules which you contend relate to D.L.I.'s scheduled performance on the IMF Project.

ANSWER: **Jefferson objects to this Interrogatory on the ground that there is no dispute between the parties regarding damages for delay. Any and all information pertaining to project schedules are set forth in the parties' respective project files.**

12. List all costs and other damages that Jefferson has incurred due to the fault of D.L.I., and the reasons for such costs and damages.

ANSWER: **Any and all costs or other damages Jefferson has incurred are fully itemized in the binder of information prepared by Jefferson for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously produced to DLI.**

13. List in detail any amounts that have not yet been paid to D.L.I., and list the reasons for such non-payment.

ANSWER: **Jefferson disputes that any remaining balance is owed to DLI pending production of adequate documentation of DLI's additional claims. Jefferson contends that it has paid DLI in excess of the amounts owed on the base contract and approved change orders. All remaining sums claimed by DLI are related to unapproved change orders on which DLI has consistently failed to**

produce reasonable documentation in support of its claim. See also Answer to Interrogatory No. 15.

14. List any and all defenses that you intend to raise against D.L.I.'s claim.

**ANSWER**: Jefferson adopts and incorporates by reference its affirmative defenses plead in its Answer to Complaint. Jefferson further reserves the right to assert: (a) that DLI has failed to adequately document its claim; (b) that DLI has failed to document its labor burden savings relating to its participation in the OCIP program; (c) that DLI has been paid in full for all work that has been adequately documented and approved.

15. State whether you admit that there is a balance currently owed to D.L.I. on the IMF Project, and if your answer is "yes," state the amount that you admit that is owed, and the reasons why that amount has not been paid to D.L.I.

**ANSWER**: Jefferson denies there is a balance owed because DLI has failed to document the sum it is claiming. Jefferson has attempted to fairly calculate the value of the work performed by DLI on the project in question, but DLI has failed to accept Jefferson's valuation and DLI has further refused to explain why Jefferson's valuation is in error.

16. State whether at any time Jefferson agreed to pay any amount of D.L.I.'s current claim to D.L.I., and if your answer is "yes," state the amount that Jefferson agreed to pay, the date that Jefferson agreed to pay, and why that amount was not paid to D.L.I.

**ANSWER**: Jefferson objects to this Interrogatory on the ground that the Federal Rules of Evidence recognize that statements made in furtherance of compromise and settlement are not deemed relevant to admissible in a trial on the

merits of this case. Jefferson contends that all prior written and oral communications between the parties relating to sums that might be paid on DLI's claims were in furtherance of efforts to negotiate a compromise in this matter. Jefferson denies that it has made any binding agreement with DLI to make payment on its disputed change orders.

17. List in detail all change orders or additional work instructions issued by Jefferson or any other party to D.L.I. on the IMF Project, and include the value of the change order or additional work, the nature of the change order or additional work, whether D.L.I. was paid for the change order or additional work, whether the change order work or other additional work was performed by D.L.I. or accepted by D.L.I., and whether the change order or additional work instruction was oral or written.

**ANSWER**: All approved and disputed change orders have been fully itemized and documented in the binder of information assembled by Jefferson for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

18. Have all amounts claimed by D.L.I. on the IMF Project been submitted to the general contractor by Jefferson, and if your response is "no," state the reason why the amounts have not been submitted to the general contractor.

**ANSWER**: All approved change orders submitted to the general contractor and owner on the IMF Project have been fully itemized and documented in the binder of information assembled by Jefferson for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

19. State the total amount billed by Jefferson to the general contractor and the total amount paid by the general contractor to Jefferson on the IMF Project.

ANSWER: Jefferson has billed $2.5 Million to the general contractor. Not all billings have yet been approved for payment. To date, Jefferson has been paid $2,193,173 for the Project. These sums include the cost of millwork and cabinetry manufactured by Jefferson.

20. If you dispute or do not accept any of D.L.I.'s "field tickets" or "work tickets," state the basis for your non-acceptance or denial, and include in your response a description of each field ticket or work ticket, the date of the field ticket or work ticket which was not accepted, the amount of the field ticket or work ticket.

ANSWER: All disputed field tickets and work tickets are fully itemized and identified in the binder of information assembled by Jefferson for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

21. Describe in detail any punch lists that were issued on the Courthouse Project to D.L.I., and include in your answer the date of the punch list, how the punch list was provided to D.L.I., any items on the punch list which were not completed on the punch list by D.L.I., who the items were completed by, the date the items were completed, and the cost of completing each items.

ANSWER: Jefferson objects to this Interrogatory on the ground that it makes reference to a Project which is not the subject of this litigation.

22. State the basis for Jefferson's contention that it should receive an Owner Controlled Insurance Project ("OCIP") credit from Jefferson, and include in your answer the amount of the credit Jefferson believes it is entitled to, when, who, and in what manner D.L.I. agreed to provide Jefferson an OCIP credit, and whether D.L.I. maintained its own worker's compensation insurance on the IMF Project.

ANSWER: DLI was enrolled in the Owner Controlled Insurance Program ("OCIP") maintained the Owner, IMF, for this Project. DLI benefitted from this

participation in that all workers' compensation insurance liability was covered under the OCIP program. Jefferson has consistently requested that DLI acknowledge the credit to which Jefferson is entitled as a result of participation in the OCIP Program. Thus far, DLI has refused to grant such credit.

23. State the basis for your Fourth Affirmative Defense that D.L.I.'s claims are barred by its own breaches of the subcontract, and include in your answer how D.L.I. breached the subcontract which you reference.

ANSWER: DLI has consistently refused and failed to provide adequate documentation supporting its claim for additional compensation under the unapproved change orders. This absence of documentation constitutes a breach of the parties' signed contract in that this work exceeds the value of DLI's original quote for this Project.

I SWEAR UNDER THE PENALTIES OF PERJURY THAT THE STATEMENTS CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____  12/11/06
Michael Corrigan, General Manager
Jefferson Millwork & Design, Inc.

Respectfully submitted,

GAVETT AND DATT, P.C.

BY _____
Geoffrey S. Gavett
D.C. Bar No. 375884
15850 Crabbs Branch Way
Suite 180
Rockville, Maryland 20855-2622
(301) 948-1177
**Counsel for Defendant Jefferson Millwork & Design, Inc.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was mailed on this 17th day of December, 2006 to:

Shawn C. Whittaker, Esquire            **Counsel for Plaintiff**
9011 Comprint Court, Suite 340
Gaithersburg, Maryland 20877
(301) 208-9114

_____
Geoffrey S. Gavett